UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LATESHA HENDERSON and<br>CALVIN HENDERSON<br><br>v.<br><br>MAJOR JOE TURNER,<br>SARGENT COVINGTON, SARGENT OWENS,<br>COLONEL SMITH, and<br>STATE OF LOUISIANA THROUGH<br>LOUISIANA DEPARTMENT OF<br>PUBLIC SAFETY AND CORRECTIONS<br>DIXON CORRECTIONAL INSTITUTE<br>* * * * * * * * * * * * * * * | * * * * * * * * * * * * * * | CIVIL ACTION NO: 11-39 HGB/KWR<br><br>JUDGE HELEN G. BERRIGAN<br><br>MAGISTRATE KAREN WELLS ROBY |

**MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE RULING "ORDER" [105]**

MAY IT PLEASE COURT:

On June 6, 2012, the Magistrate Judge entered *Order* [105] wherein a ruling was issued on the *Plaintiffs' Motion to Compel* [34]. Plaintiffs pursuant to 28 USC § 636 (A), respectfully urge this Court to grant reconsideration of the *Order* as clearly erroneous or contrary to law.

The Plaintiffs will be offering the testimony of several inmates for whom the Defendants possess the entire Master Prison file to attack the credibility of the Plaintiffs' inmate witnesses. Defendants have not produced the inmate files to the Plaintiffs under the guise that they are impeachment. At the same time, the Defendants have objected to the production of their own personnel files. The Defendants made a partial production of personnel files in camera and apparently none of the disciplinary matters from those files were produced.

Officer Turner himself testified that he had been written up for at least one serious disciplinary matter and at least one complaint by a fellow employee for yelling,[1] yet, the Plaintiffs are not being allowed his entire personnel file. It does not appear that this portion

---

[1] See Depo of Turner at 8 and 9.

of the file was provided to the Magistrate Judge. The Magistrate Judge has not compelled that production in camera and the written reason is that the Magistrate Judge found that there is little call to question the crediblity of the Defendants or to challenge the testimony he gave in deposition. Until the entire personnel file is produced the Plaintiffs are not in a position to agree with the Magistrate Judge. Crediblity is at issue in this trial.

The same is true for Officer Covington. He testified that he has no grievances or write ups.[2] Assessing credibility, the Magistrate found there is no cause to doubt this testimony; therefore, the very documents in the personnel file that may prove it untrue were not produced in camera to the Magistrate for consideration. The Defendants failed to produce any write ups or any of the disciplinary portion of the personnel file to the Magistrate. The Magistrate should have compelled the full production of all documents in the personnel file.

"Personnel file" is a very broad term that encompasses all of the personal files of an employee. Personnel file is not limited to benefits or to training records. Personnel file is the entire file and includes all disciplinary matters.

It does not appear form the *Order* that the Defendants produced the "entire personnel file" and instead they produced training certifications and other inane benefit materials. The disciplinary portions of the files were not produced for in camera review. Plaintiffs are entitled to the entire personnel file and there is no reason to protect the Defendants or to deny production. Credibiltiy calls on motions is improper.

It is inappropriate to make credibility calls based on deposition testimony in rendering a decision on a motion to compel when the entire purpose of the motion is to gather information to test credibility.

Again, the Defendants did not produce the disciplinary portions of the personnel files. The Magistrate Judge erred as a matter of law in failing to compel the production of

---

[2] Depo of Richard Covington at 8.

2

the entire file for review. If the disciplinary portions were produced, there is no mention of it in the *Order*.

This Court should enter an *Order* compelling the production of the entire personnel file of both Defendants including the disciplinary portion.

                                              Respectfully submitted:

                                              s/Donna Grodner
Donna U. Grodner (20840)
Marcus J. Plaisance (33316)
GRODNER & ASSOCIATES
2223 Quail Run, B-1
Baton Rouge, Louisiana 70808
(225) 769-1919 FAX 769-1997

John L. Tyler (19193)
TYLER & POSSA, APLC
3225 Broussard Street
Baton Rouge, Louisiana 70808
(225) 343-8313 FAX 344-8353

## CERTIFICATE

I hereby certify that on June 18, 2012, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel named below by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service this filing to the parties marked non-CM/ECF participants: none.

                                              s/Donna Grodner
Donna U. Grodner (20840)
GRODNER & ASSOCIATES
2223 Quail Run, B-1
Baton Rouge, Louisiana 70808
(225) 769-1919 FAX 769-1997
Email: dgrodner@grodnerlaw.com