UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LATESHA HENDERSON, ET AL                    CIVIL ACTION

VERSUS                                      NO. 11-39

MAJOR JOE TURNER, ET AL                     SECTION "C" (4)

ORDER AND REASONS

IT IS ORDERED that:

1.    The motion for ruling on objections and submission of deposition of Calvin

      Henderson for ruling by the Court filed by Calvin Henderson is DENIED.   Rec.

      Docs. 69, 100.   The motion seeks an order that the Court "overrule all objections

      as waived" with regard to the video deposition testimony of Calvin Henderson,

      who is incarcerated in Michigan.   The plaintiff argues that no contemporaneous

      objections as to "double hearsay"under Fed.R.Civ.P. 34(d)(3)(B) were made and

      that the challenged testimony constitutes lay opinion.[1]   The defendants argue

      that they are not objecting to any error or irregularity for purposes of Fed. R. Civ.

      _____

      [1]The Court construes this citation as referring to Rule 32(d)(3)(A), which
      provides:
            An objection to a deponent's competence – or to the competence, relevance, or
            materiality of testimony – is not waived by a failure to make the objection before
            or during the deposition, unless the ground for it might have been corrected at
            that time.

P. 32(d)(3)(B), but instead are objecting to the hearsay nature of the testimony and, in any event, they did not discover the basis of the objections until cross-examination for purposes of Fed. R. Civ. P. 32(d)(3)(A) pertaining to competence, relevance, or materiality.[2]  The Court notes that the deposition itself contains no stipulations, instructions as to the scope of its intended use, or provisions for the signature of the witness.  Rec. Doc. 69-6.  In addition, Fed.R.Civ.P. 32(b) provides: "Subject to Rules 28(b) [depositions taken in foreign countries] and 32(d)(3), an objection may be made at a hearing or trial to the admission of any deposition testimony that would be inadmissible if the witness were present and testifying."  There is also direct authority for the proposition that hearsay objections are not waived.  7 James William Moore, *Moore's Federal Practice* § 3242 (2012);  *Johnson v. National Mut. Ins. Co.*, 276 F.2d 574 (4th Cir. 1960); *Farr Man Coffee, Inc. v. Chester*, 1993 WL 248799 at *20 (S.D.N.Y.).  Indeed, there is authority for the more general principal that a party's own deposition testimony is hearsay, which has some appeal here where the plaintiffs themselves have

_____

[2]Rule 32(d)(3)(B) provides:
An objection to an error or irregularity at an oral examination is waived if:
      (i) it relates to the manner of taking the deposition, the form of a question or answer, the oath or affirmation, a party's conduct, or other matters that might have been corrected at that time; and
      (ii)it is not timely made during the deposition.

moved for live video testimony of incarcerated witnesses at trial. See James

William Moore, *Moore's Federal Practice* § 32.29 (2012); Rec. Doc. 71. The Court

does not rule on the merits of any objection made, only the lack of waiver by the

defendants.

2.  The motion in limine to suppress testimony and evidence regarding inmate

    witnesses filed by the plaintiffs is GRANTED. Rec. Doc. 75. No opposition to

    this motion was filed by the defendants.

3.  The motion for extension until Monday morning notice regarding bench books

    filed by the plaintiffs is DISMISSED as MOOT. Rec. Doc. 76.

4.  The motion in limine filed by Major Joseph Turner and Sergeant Bryan

    Covington is DISMISSED as MOOT in light of the trial continuance. Rec. Doc.

    79. Because the motion was based on lack of disclosure and timeliness, the

    Court does not address the authenticity issues raised by the plaintiffs in

    opposition. Rec. Doc. 91.

5.  The motion in limine filed by Major Joseph Turner and Sergeant Bryan

    Covington is GRANTED. Rec. Doc. 80. The parties agree that the testimony of

    Lena Dawkins Tippet is limited to her personal knowledge, and appear to agree

    that the testimony of James Dawkins, Jr. should be limited to what he was told

    by defendant Turner "as to what happened," presumably as a admission by a

party opponent.   Rec. Docs. 80, 90.

6.      The plaintiffs' motion in limine regarding causation and motion in limine

regarding interoffice memorandum are DISMISSED as moot in light of the trial

continuance and the defendants' representation that they do not intend to call

Dr. Tarver as an expert witness.   At the same time, the legal bases for the

defendants' opposition to the motions in limine are not otherwise provided by

the defendants.  Rec. Doc. 93.  Evidence as to the decedent's medical condition

and treatment may be relevant to the issue of causation.  If the defendants intend

to call Dr. Tarver as a treating physician regarding causation, his proposed

testimony, opinions and the bases relating thereto shall be provided to the

plaintiffs in writing within 30 days from the date of this order.  Once specified,

the plaintiffs' objections to that testimony and the bases thereof are reserved and

may be challenged by motion in limine, if appropriate   Rec. Docs. 78, 83.

7.      The plaintiffs' motion in limine regarding comparative fault is GRANTED.   Rec.

Doc. 88.  Recovery for civil rights claims under 42 U.S.C. § 1983 are not subject to

diminution resulting from comparative fault.   *Burge v. Parish of St. Tammany*,

1995 WL 317125 at *3 (E.D.La.).   It appears from the plaintiffs' memoranda that

they are not asserting any negligence-based claims under Louisiana state law,

which would be subject to comparative fault.

New Orleans, Louisiana, this 31st day of July, 2012.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE