UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LATESHA HENDERSON AND** | * | **CIVIL ACTION** |
| **CALVIN HENDERSON** | * | |
| | * | **NO. 11-39** |
| **VERSUS** | * | |
| | * | **SECTION "C" (4)** |
| **MAJOR JOE TURNER AND** | * | |
| **SERGEANT BRIAN COVINGTON** | * | |

## ORDER AND REASONS

Before the Court is defendants' motion for summary judgment. Rec. doc. 141. Defendants move to dismiss plaintiffs' claims because plaintiffs cannot prove filiation in this case and have no right to recovery. *Id.*  Plaintiffs oppose this motion. Rec. Doc. 146.  Having reviewed the record, memoranda of counsel, and the law, the motion is DENIED for the following reasons.

I.  BACKGROUND

The applicable facts have been set forth in detail in Rec. Doc. 112 and will not be restated here except as necessary.  On September 29, 2010, Major Turner attempted to restrain Calvin Earl Dawkins and place him in administrative segregation to await disciplinary proceedings for allegedly profane remarks he made to a health aide. Rec. Doc. 74, p. 2. Mr. Dawkins had come to the infirmary to declare himself an emergency because he was suffering from chest pain. *Id.* Major Turner and Master Sergeant Brian Covington restrained Mr. Dawkins with feet shackles and forcefully tackled him to the ground to apply handcuffs. *Id.* at 2-3. When

1

Major Turner and Sergeant Covington successfully handcuffed Mr. Dawkins and pulled him into a seated position, Mr. Dawkins showed no signs of life. *Id*. Attempts to resuscitate Mr. Dawkins continued for thirty minutes, but by the time he arrived at Lane Memorial hospital, he experienced seizure activity and was placed on life support. *Id*. Life support was discontinued on October 6, 2010, and Mr. Dawkins passed away. *Id*.

In response to the above detailed events, plaintiffs Latesha Henderson and Calvin Earl Henderson bring claims for wrongful death, survival action, cruel and unusual punishment/excessive force, deliberate indifference and failure to supervise on behalf of their alleged father, Mr. Dawkins. Rec. Doc. 7.

On July 31, 2012, the Court ruled on the issue of filiation. It found that defendants had not waived their right to challenge capacity under Rule 9 of the Federal Rules of Civil Procedure. Rec. Doc. 112, p. 9. It also found that "filiation is an essential element of Plaintiffs' state law tort claims and must be proved in order to successfully litigate the wrongful death and survival action claims as 'suitable remedies' for their 42 U.S.C. § 1983 claim. 42 U.S.C. § 1988(a) (2000)." *Id*, p. 11. The Court found that plaintiffs had not yet provided evidence to meet the threshold element of the claim that they must establish filiation in order to have a legal right to tort damages under Louisiana law. *Id.* The Court found that plaintiffs had offered no explanation for their legal status (citing to Rec. Doc. 7 at 1), and that to be entitled to damages for wrongful death and survival action under Louisiana law, they must provide clear and convincing evidence of filiation to the deceased, Mr. Dawkins. Rec. 112, p. 11; LA CIV. CODE

2

ANN. art. 197(d)(2012).  The Court explained that unless plaintiffs provide birth certificates with Mr. Dawkins named as the father or a notarial act in which Mr. Dawkins acknowledged his paternity, Plaintiffs needed to prove Mr. Dawkins' informal acknowledgment of paternity. Rec. Doc. 112, p. 12 (citing *Jordan*, 568 So.2d 1097, 1098 (La. Ct. App. 1990)).  The Court also noted that the only evidence provided to establish filiation through informal acknowledgment had been Mr. Henderson's deposition, and that there had been no testimony from the plaintiffs' mother or any other witness regarding her relationship with Mr. Dawkins during the time of either plaintiff's conception. Rec. Doc. 112, p. 11-12.

Now before the Court is defendants' motion for summary judgment to dismiss plaintiffs' claims because plaintiffs have no right to recovery because they cannot prove filiation in this case. Rec. Doc. 141. Defendants claim that there is a lack of clear and convincing evidence of Plaintiffs' filiation with Calvin Dawkins to demonstrate informal acknowledgment of paternity. Rec. Doc. 141, p. 5.  They allege no explanation was given of the Hendersons' filiation to Calvin Dawkins and that plaintiffs have not listed any documents in their exhibit list to show that they are related to Calvin Dawkins. *Id.*  Plaintiffs respond that Calvin Dawkins was their father. Rec. Doc. 146.  They provide evidence of informal acknowledgment of paternity for each plaintiff and an affidavit from their mother. *Id.*  Defendants reply that plaintiffs' evidence has not met the necessary standard of clear and convincing evidence to prove filiation. Rec. Doc. 154.

II. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure states: "The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56.  When considering whether any genuine issues of material fact exists, courts view the evidence and inferences drawn from that evidence in the light most favorable to the non-moving party. *United States ex re. Reagan v. East Texas Medical Center Regional Healthcare System*, 384 F.3d 168, 173 (5th Cir. 2004) (*citing Daniels v. City of Arlington, Texas*, 246 F.3d 500, 502 (5th Cir. 2001)).

An issue is material if its resolution could affect the outcome of the action. *Wyatt v. Hunt Plywood Co., Inc.*, 297 F.3d 405, 409 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2502, 91 L.Ed.2d 202 (1986)).  A factual dispute precludes summary judgment if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Hunt v. Rapides Healthcare Sys. LLC*, 277 F.3d 757, 762 (5th Cir. 2001).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (*citing Celotex*, 477 U.S. at 322-24).  In order to satisfy its burden, the nonmoving party must put forth competent evidence and

cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See e.g., Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 871-73 (1990). The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion. *See Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247-48 (1996). "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249-50.

III.　LAW AND ANALYSIS

A.　APPLICABLE LAW

The determination of filiation under Louisiana tort law was clearly laid out in the Court's past order on capacity. Rec. Doc. 112. The Court has previously stated that in this case plaintiffs must prove informal acknowledgment of paternity because Mr. Dawkins' name was not on either of the plaintiffs' birth certificates and he did not perform a notorial act acknowledging paternity. Rec. Doc. 112, p. 6. If a child was not formally acknowledged during the alleged parent's life, a child must prove filiation by clear and convincing evidence of informal acknowledgment. *Jordan v. Taylor*, 568 So.2d 1097, 1098 (La. Ct. App. 1990). As previously stated, this evidence can take the form of: writings, "living in concubinage with the mother in [the father's] home at the time of the child's conception," having the same surname, consistently making representations to others that the child is his own, and naming the child in his succession. *Jenkins v. Mangano Corporation*, 774 So.2d 101, 103 (La. 2000); Rec. Doc. 112, p. 7. Each plaintiff must provide evidence to establish his or her filiation with Mr. Dawkins. *Id.*; Rec. Doc. 112, p. 12.

B. ANALYSIS

Defendants rely on answers from the plaintiffs' depositions to demonstrate that they have no evidence that Mr. Dawkins was their father. Rec. Doc. 141, p. 6.  Defendants site to Mr. Henderson's response that he does not have any evidence that Mr. Dawkins is his father. *Id.* However, defendants overlook other statements Mr. Henderson made at his deposition such as that he and Mr. Dawkins had the same disabilities and that Mr. Henderson answered that he did not know in response to whether Mr. Dawkins was listed on his birth certificate, whether his mother filed paperwork for child support or received child support, and whether Mr. Dawkins ever legally adopted him. Rec. Doc. 141, Exh. A, p. 26-28. Defendants are asking for summary judgment on questions to which there is a genuine issue of material fact.

Defendants claim Ms. Henderson gave answers of a similar nature to Mr. Henderson's answers. Rec. Doc. 141, p. 6.  Defendants claim that when Ms. Henderson was asked, "Do you have any evidence other than your testimony to show that Calvin Dawkins is your father?" Ms. Henderson responded "Not that I can recall now, no." Rec. Doc. 141, Exh. B, p. 25.  The transcript shows that Ms. Henderson actually responded "yes, sir," to the question of whether she had evidence other than her own testimony, and responded that the other evidence included testimony from her aunt and mother. *Id.*  Ms. Henderson noted that she did not have documents. *Id.*  Without these documents, it is not surprising that none are listed as evidence.

Plaintiffs respond to defendants' arguments by attempting to show Mr. Dawkins informally acknowledged each of them.  For Calvin Earl Henderson, they claim: 1) that Calvin

6

Earl Henderson is named after his father, Calvin Earl Dawkins; 2) that Mr. Henderson is from the same city of Monroe, Louisiana as is Calvin Earl Henderson; 2) that during his life everyone acknowledged Calvin Earl Dawkins as having a son named Calvin Earl Henderson, 3) that Calvin Earl Dawkins lived with Calvin Earl Henderson's mother Ann Henderson when he was born; 4) that Calvin Earl Henderson and Calvin Earl Dawkins visited each other after Mr. Henderson's parents no longer lived together; 5) that Mr. Henderson was notified by his father's sister when he died; and 6) that Calvin Earl Henderson and Calvin Earl Dawkins have the same health problems. To show Mr. Dawkins' informal acknowledgment of Latesha Henderson, plaintiffs assert: 1) That she was born in the same city as her mother and Mr. Henderson are from; 2) that everyone including Mr. Dawkins acknowledged her as his daughter; 3) that she looks like her father; 4) that she and her father have the same health problems; 5) that her mother and Mr. Dawkins co-habitated when she was born; 6) that Mr. Dawkins and Ms. Henderson visited each other throughout his life, and 7) that she was notified of Mr. Dawkins' death by her aunt, his sister. Rec. Doc. 146, p. 2.

Plaintiffs have also included an affidavit from their mother explaining why Mr. Dawkins' name was not on the plaintiffs' birth certificates and the relationship that Mr. Dawkins had with plaintiffs. *Id.* Defendants claim this affidavit is not specific enough because it does not state that the plaintiffs are the children of, or are filiated with, the deceased. Rec. Doc. 154, p. 4. Defendants also allege that the affidavit does not support filiation because the plaintiffs' mother, Ann Henderson, does not state in it that she had exclusive sexual relations with Calvin Dawkins

7

at the time of each plaintiff's conception. *Id.*, p. 3.  Defendants also use Ann Henderson's acknowledgment that she did not live together in concubinage with Mr. Dawkins to demonstrate that Mr. Dawkins did not show "continual, habitual, unequivocal acknowledgment that [plaintiffs] were in fact his children." *Id.*, p. 4.  Defendants also allege that the lack of corroborating evidence from family members other than plaintiffs' mother should weigh against the plaintiffs. *Id.*, p. 5.[1]

Defendants allege that the evidence presented does not meet the clear and convincing evidence standard to prove filiation. *Id.*  Here, plaintiffs do not need to meet the clear and convincing evidence standard because this is defendants', not plaintiffs', motion for summary judgment. Plaintiffs need only demonstrate that there is a genuine issue for trial.  While plaintiffs have not conclusively demonstrated filiation to Mr. Dawkins, they have refuted defendants' allegations and provided an affidavit from their mother.  The Court finds that defendants are not entitled to summary judgment as a matter of law on the issue of filiation.

IV. CONCLUSION

Accordingly,

IT IS ORDERED that Defendants' Motion for Summary Judgment is DENIED. Rec. Doc. 141.

New Orleans, Louisiana this 28th day of January, 2013.

---

[1] In defendants' reply, they argued that plaintiffs' Exhibit D to Rec. Doc. 146 is "uncertified, unredacted and unexplained." The Court agrees that this document was not used in plaintiffs' argument, or explained in any way, and as such, it did not consider it in making its judgment.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**