UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LATESHA HENDERSON AND** | * | **CIVIL ACTION** |
| **CALVIN HENDERSON** | * | |
| | * | **NO. 11-39** |
| **VERSUS** | * | |
| | * | **SECTION "C" (4)** |
| **MAJOR JOE TURNER AND** | * | |
| **SERGEANT BRIAN COVINGTON** | * | |

**ORDER AND REASONS**[1]

IT IS ORDERED THAT:

1.  Plaintiff's Motion in Limine to Limit Dr. Anthony Tarver's Testimony to that of a fact witness is GRANTED. Rec. Doc. 138.  (See defendant's *Opposition to Motion in Limine*, Rec. Doc 145, p.4: "[D]efendants have made it clear that they do not intend to qualify or call Doctor Anthony Tarver as an expert witness in this matter . . . Doctor Tarver is only going to be called to testify as a treating physician and will not be qualified as an expert."). Under Federal Rule of Evidence 701, Dr. Tarver's testimony as a fact witness is limited to opinions rationally based on his perceptions, which are helpful to clearly understanding the witness's testimony or to determine a fact in issue, and which are not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed.R.Evid. 701.

---

[1] Katharine Williams, a third-year student at Tulane University Law School, assisted in the preparation of this Order and Reasons.

2.	Plaintiff's Motion in Limine Regarding Exhibit #13-*Interoffice Memoranda, Medical Department* is DENIED. Rec. Doc. 138, 4-9, Exh. A. Plaintiff argues that this document is inadmissable hearsay because it was not prepared for the purpose of medical treatment. Rec. Doc. 138 at 2. This memorandum is a review and summary of the decedent's medical records. Rec. Doc. 138, Exh. B. It also includes Dr. Tarver's description of his treatment of the decedent on the day of the incident at issue in this case. *Id*. Dr. Tarver has stated that he furnishes such a report for every death that occurs in the facility. *Id.*, p. 13. Federal Rule of Evidence 803(6) provides that records of a regularly conducted activity are not excluded by the rule against hearsay if:

> (A) the record was made at or near the time by--or from information transmitted by--someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness . . . and (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Dr. Tarver produced this memorandum on October 7, 2010, the day after the decedent's death and eight days after the incident at issue. Rec. Doc. 138, Exh. A. Dr. Tarver kept such records in the course of his regularly conducted activity as the Medical Director at the Dixon Correctional Institute. Rec. Doc. 138, Exh. B. The plaintiffs have not made any suggestion that Dr. Tarver or his methods in drafting this memorandum lack trustworthiness.

Alternatively, Federal Rule of Evidence 805 provides that hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms

with an exception to the rule. Fed.R.Evid. 805. Dr. Tarver used medical records compiled during the course of Mr. Dawkins's medical treatment while at Dixon Correctional Facility. The information contained in those medical records are excepted from the general rule against the admission of hearsay under Federal Rule of Evidence 803(4), which allows hearsay statements that are made for the purpose of medical treatment. Fed.R.Evid. 803(4). The initial collection of information in the medical records that Dr. Tarver used to compile his report is excepted from exclusion, as is the report itself, which is a record of a regularly conducted activity, i.e. Dr. Tarver's production of an interoffice memorandum each time a prisoner dies.

The Court does reiterate, however, that even though the defendant's cover letter identifies the document as the Defendants' "Expert Report," Dr. Tarver will only be allowed to testify as a fact witness.

3. Plaintiff's Motion to Strike Defense Exhibits is PARTIALLY DENIED and PARTIALLY DISMISSED as premature.

   a. The Motion to Strike Exhibit #2 *Unusual Occurrence Report* authored by Major Turner is DENIED. The report was filed as exhibit 6 to Rec. Doc. 160. This is a record of regularly conducted activity and should be admitted under Federal Rule of Evidence 803(6).

   b. The Motion to Strike Exhibit #3 *Unusual Occurrence Report* authored by Sergeant Covington is DENIED. This report was filed as exhibit 5 to Rec. Doc.

      160. This is a record of regularly conducted activity and should be admitted under Federal Rule of Evidence 803(6).

c.     The Motion to Strike Exhibit #4 *Unusual Occurrence Report* authored by Master Sergeant Darrell Aucoin, Jr. is DENIED. This report was filed as exhibit 10 to Rec. Doc. 160. This is a record of regularly conducted activity and should be admitted under Federal Rule of Evidence 803(6).

d.     The Motion to Strike Exhibit #5 *Unusual Occurrence Report* authored by Lt. Colonel John Smith is DENIED. This report was filed as exhibit 9 to Rec. Doc. 160. This is a record of regularly conducted activity and should be admitted under Federal Rule of Evidence 803(6).

e.     The Motion to Strike Exhibit #10 *Disciplinary Reports of Major Joseph Turner from September 29, 2010* is DENIED. Plaintiffs have not attached this exhibit. They state in Rec. Doc. 160 that it was not produced during discovery, but since they did not state that in their initial motion (Rec. Doc. 138), so defendants could not comment on that in their response, the Court will not rule on whether the report is hearsay.

f.     The Motion to Strike Exhibit #11 *Disciplinary Reports of Dana Bennett from September 29, 2010* is DENIED. This was filed as exhibit 1 in Rec. Doc. 160. While disciplinary reports prepared by security officers constitute hearsay evidence, this report is admissible under Federal Rule of Evidence 803(8), as factual findings resulting from an investigation made pursuant to authority

granted by law. Alternatively, this is a record of regularly conducted activity and should be admitted under Federal Rule of Evidence 803(6).

g. The Motion to Strike Exhibit #12 *Disciplinary Reports of Master Sergeant Brian Covington from September 29, 2010* is DENIED. Plaintiffs have not attached this exhibit. They state in Rec. Doc. 160 that it was not produced during discovery, but since they did not state that in their initial motion (Rec. Doc. 138), so defendants could not comment on that in their opposition, the Court will not rule on whether the report is hearsay.

h. The Motion to Strike Exhibit #13 *Interoffice Memorandum of A. Anthony Tarver, M.D.* is DENIED, for the reasons set forth in Part 2 of this Order and Reasons.

i. The Motion to Strike Exhibit #16 *Plaintiff's Master Prison Record* is DENIED. This exhibit was partially produced in Rec. Doc. 165. This document is a record of a regularly conducted activity and not subject to exclusion. FRE 803(6).

j. The Motions to Strike Exhibit #6 *Approved Visitation List of Inmate Dawkins*; Exhibit #8 *Department Regulation Procedures C-02-006*; Exhibit #17 *Master Prison Record for Matthew Paul Tyson*; Exhibit #18 *Master Prison Record for Michael Johnson;* Exhibit #19 *Master Prison Record for James Dawkins, Jr.;* Exhibit # 20 *Master Prison Record for James Ray Tanner*; Exhibit #21 *Master Prison Record for Brian Keith Chisholm*; Exhibit #22 *Master Prison Record for Telly Savalas Ambrose*; Exhibit #23 *Master Prison Record for Michael Lewis*; Exhibit #24 *Master Prison Record for Larry Williams*; and Exhibit #25 are DISMISSED as premature. Plaintiff's basis for requesting the exclusion of these

materials is that they were never produced during discovery. However, discovery in this case did not conclude until January 7, 2013. (Rec. Doc. 127). Plaintiff filed this motion on December 10, 2012. (Rec. Doc. 138). These motions have been filed prematurely.

Plaintiffs are reminded that in order for the Court to rule on future motions they must attach any exhibits they move to exclude. Exhibits shall be in order and clearly tabbed. The Court notes that exhibits submitted in Rec. Doc. 160 were neither in order, nor clearly tabbed.

New Orleans, Louisiana this 4th day of February, 2013.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**