UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LATESHA HENDERSON, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-39** |
| **MAJOR JOE TURNER, ET AL** | **SECTION: "C" (4)** |

## ORDER AND REASONS

Before the Court is plaintiffs' motion in limine regarding causation. Rec. doc. 161. Defendants oppose the motion. Rec. Doc. 166. Having reviewed the record, memoranda of counsel, and the law, the motion is GRANTED for the following reasons.

In the Court's previous order (Rec. Doc. 168, p. 1), it limited Dr. Tarver's testimony to that of a fact witness with "opinions rationally based on his perceptions" not "based on scientific, technical, or other specialized knowledge . . . ." FRE 701. Dr. Tarver may testify regarding what he observed on the day of Mr. Dawkins' death, including his assessment of the cause of death.

Dr. Tarver is not to be asked, nor is he to give, any opinion regarding whether Dawkins was compliant or not with his recommended treatments. The Court has previously ruled that recovery for civil rights claims under 42 U.S.C. § 1983 are not subject to diminution resulting from comparative fault. *Burge v. Parish of St. Tammany*, 1995 WL 317125 at *3 (E.D. La.). Rec. Doc. 111, p. 4.

The Court previously DENIED plaintiff's motion in limine to find Dr. Tarver's

*Interoffice Memorandum, Medical Department* inadmissible as hearsay. Rec. Doc. 168. However, in reviewing this motion, the Court now finds that while the *Interoffice Memorandum, Medical Department*, Rec. Doc. 161, Exh. A, "Defendant's Expert Report," should not be excluded as hearsay, it is excluded as unduly prejudicial. FRE 403. The report references Dawkins as "noncompliant" with recommended treatment. Rec. Doc. 161, Exh. A, p. 2.

Accordingly,

IT IS ORDERED that plaintiff's motion is GRANTED. Rec. Doc. 161.

New Orleans, Louisiana this 6th day of February, 2013.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**