UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LATESHA HENDERSON, ET AL                    CIVIL ACTION

VERSUS                                       NO. 11-39

MAJOR JOE TURNER, ET AL                      SECTION: "C" (4)

### ORDER AND REASONS

Before the Court is defendants' motion in limine to exclude five of plaintiffs' proposed exhibits because they were not produced through discovery. Rec. Doc. 155. Plaintiffs opposed this motion. Rec. Doc. 159. Plaintiffs then filed what appears to be all of the exhibits except one ("Exhibit # 8 Certificate of Death) into the record. Rec. doc. 170. Defendants filed a response to the Court's request for briefing on whether defendants had any substantive objections to the exhibits now that they have been filed into the record. Rec. Docs. 179, 180. Having considered the record, the memoranda of counsel and the law, the Court rules as follows.

Defendants allege that plaintiffs' exhibits should not be allowed at trial because they were not produced during discovery. Rec. Doc. 155. Defendants cite to the Court's Scheduling Order from October 13, 2011. Rec. Doc. 13. Contrary to what defendants claim, the full statement in the scheduling order does not require that parties file all exhibits into the record by March 23, 2012. Rec. Doc. 155. It required all parties file into the record a list of all exhibits.

1

Rec. Doc. 13.  The next scheduling order extended this deadline to December 7, 2012. Rec. Doc. 127.  Plaintiffs filed the list on December 10, 2012. Rec. Doc. 137.  Defendants have not objected to the list being filed three days late, presumably because they were not prejudiced by it. *Id.*

Defendants also argue that plaintiffs responded to their request to produce copies of documents, data and other information which may be used at trial by stating "all documents obtained from defendants." Rec. Doc. 155, p. 1.  Defendants were entitled to make this request.  FRCP 34.  However, Rule 34 of the Federal Rules of Civil Procedure requires that the party making the request to inspect, copy, test or sample documents that fall within the scope of 26(b) discovery must describe with reasonable particularity each item or category of item to be inspected. FRCP 34(b)(1)(A).  Defendants did not describe the items to be produced with particularity and plaintiffs did not respond with particularity. Rec. Doc 155-2, p.2.  Despite this, the documents which will be ruled on are now in the record. Rec. doc. 170.

       <u>1. Exhibit #4 (Certified Records Acadian Ambulance)</u>

The Certified Records of Acadian Ambulance are admissible because they are records of a regularly conducted business activity. FRE 803(6). Rec. Doc. 170, Exh. A.  The records may be part of the documents plaintiffs claimed had been obtained from defendants, Rec. Doc 155-2, p. 2.  Otherwise, they were produced to opposing counsel on May 24, 2012. Rec. Doc. 159-1, p. 1.

       <u>2. Exhibit #6 (Certified Medical Records Frensenium Dialysis)</u>

Defendants object to exhibit D because it is uncertified and was not produced in response to discovery requests. Rec. Doc. 180, p. 2. Defendants concede that it is a medical record. *Id.* The exhibit is admissible as an exception to the rule against hearsay because it is a statement made for medical diagnosis or treatment. FRE 803(4)(B). That includes a statement that: "describes medical history; past or present symptoms or sensations; their inception; or their general cause." The records describe Mr. Dawkins' medical history. Certification or testimony of the custodian or another qualified witness is required for records of a regularly conducted activity, but not a medical record. FRE 803(4)(B) & 803(6).

3. Exhibit #7 (Medical Records summary - Frensenium Dialysis

Defendants concede that exhibit G is a medical summary. Rec. Doc. 180, p. 2. They do not object to exhibit G pages 1-20. They request page 21 be excluded because it was not produced during discovery. For the reason set out above, the exhibit is not excluded. Rec. Doc. 170, Exh. G.

4. Exhibit #8 (Certificate of Death)

Plaintiffs have not provided any evidence that this exhibit has been disclosed to defendants. Rec. Docs. 159, 170. The Court grants defendants motion in limine to exclude this as not produced during discovery unless it qualifies as a document that can be obtained from defendants. Rec. Doc. 155.

5. Exhibit #15 (DHH lien or other medical liens)

Defendants object to the inclusion of Exhibit C. Exhibit C is a letter from Medicaid.

3

Although the Court does not adopt defendant's reasoning, Exhibit C shall be excluded because it is not relevant to the case. FRE 401. Defendants do not object to the inclusion of Exhibits B or E. Rec. Doc. 170. Because it is not clear that these exhibits were raised in the motion, the Court will not make any further determination about their admissibility.

6. Exhibit F

Exhibit F does not appear to respond to anything that was raised in defendants' motion. Rec. Doc. 155. The Court notes defendants' objection to the exhibit based on relevancy. FRE 401. The exhibit would most likely be excluded as not relevant or as a waste of time to the jury. FRE 401 & 403.

New Orleans, Louisiana this 8th day of February, 2013.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**