**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**


| | |
|---|---|
| **LATESHA HENDERSON, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-39** |
| **MAJOR JOE TURNER, ET AL** | **SECTION: "C" (4)** |


## <u>ORDER AND REASONS</u>

Before the Court is defendants' motion  for reconsideration of the Court's ruling. Rec. Doc. 178.  Plaintiffs oppose this motion. Rec. Doc. 199.  Having considered the record, the memoranda of counsel and the law, the Court PARTIALLY GRANTS and PARTIALLY DENIES the motion. Rec. Doc. 178.

Although the Federal Rules of Civil Procedure do not formally recognize a "Motion for Reconsideration," the courts have developed an approach to evaluate such a motion.  The Court first considers which of two federal rules governs the motion.  *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167 (5th Cir. 1990).  The Fifth Circuit treats a motion for reconsideration as "either a motion 'to alter or amend' under Rule 59(e) or a motion for 'relief from judgment' under Rule 60(b)." *Id.* at 173.  In particular, "if the motion is served within ten (10) days of rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Id.*  Defendants' Motion was filed less than ten (10) days after

the Court's February 6, 2013 Order for which they seek reconsideration. Rec. Doc. 178. Accordingly, the Motion is treated as a Rule 59(e) motion to alter or amend.

Alteration or amendment of a previous ruling under Rule 59(e) "'calls into question the correctness of the judgment.'" *Tremplet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004)(quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). This motion serves the "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F. 2d 468, 473 (5th Cir. 1989) (internal quotations omitted). It may also be used to prevent manifest injustice. *Flynn v. Terrebonne Parish School Bd.*, 348 F. Supp. 2d 769, 771 (E.D. La. 2004). As such, it must be used sparingly. *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000).

Here, defendant is asking the Court to reconsider its February 6, 2013 Order, which stated that an opinion regarding whether or not Dawkins was compliant or not with his recommended treatments could not be presented because: "The Court has previously ruled that recovery for civil rights claims under 42 U.S.C. § 1983 are not subject to diminution resulting from comparative fault." The Court assumed, based on the pretrial order, that Plaintiffs now sought only to bring a claim based on 42 U.S.C. § 1983.[1] In the Fifth Circuit, a pretrial order signed by both parties supersedes all pleadings and governs the issues and evidence to be

---

[1]In the pretrial order, Section "A. Jurisdiction," the parties wrote only that the jurisdiction of this Court is invoked under "Federal Question," where the Plaintiff specifically seeks relief pursuant to 42 U.S.C. § 1983, *et seq.*, for injuries, damages and punitive damages.

presented at trial. *Provident Financial Inc. v. Strategic Energy L.L.C.*, 404 Fed. Appx. 835, 838

(5th Cir. 2010) (*citing Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 388, 345 n. 5 (5th Cir.

2002). Additionally, "'[e]ach party has an affirmative duty to allege at the pretrial conference all

factual and legal bases upon which the party wishes to litigate the case.'" *Provident*, 404 Fed.

Appx. at 838 (*quoting Trinity Carton Co. v. Falstaff Brewing Corp.*, 767 F.2d 184, 192 n. 13 (5th

Cir. 1985)). In the pretrial order, the parties made no reference to a claim for wrongful death

under Louisiana Civil Code Article 2315.2, which would allow for comparative fault under

Louisiana Civil Code Article 2323. Rec. Doc. 172. However, as defendants explained in their

motion for reconsideration, plaintiffs set forth a state law claim for wrongful death under

Louisiana Civil Code Article 2315.2 in their amended complaint. Rec. Doc. 7, p. 10.[2]

It is at the trial court's discretion whether failure to allege all legal bases in the pretrial

order may implicate waiver of the issue. *Provident*, 404 Fed. Appx. at 838 (*quoting Trinity

Carton Co.* at 192). In this case, the Court will allow the plaintiffs until 4:30 p.m. on Monday,

February, 25, 2013, to inform the Court in a memorandum filed into the record if they intend to

proceed on the wrongful death claim under Louisiana Civil Code Article 2315.2. Failure to

inform the Court by this time will waive plaintiffs right to bring the wrongful death claim in

conformity with what the parties alleged in the pretrial order. Rec. Doc. 172. If plaintiffs do not

---

[2]While plaintiffs made this claim in their amended complaint, they also submitted the
original motion that asked the court to find that comparative fault was inapplicable in this case
because it was being brought under 42 U.S.C. § 1983. Rec. Doc. 88. The Court granted that
motion. Rec. Doc. 111.

wish to proceed under the state law claim for wrongful death, the Court's motion for

reconsideration is DENIED and comparative fault will be inapplicable to the case as a 42 U.S.C.

§ 1983 claim.  If plaintiffs wish to add the claim for wrongful death to the pretrial order, the

Court will reconsider its February 6, 2013 order on comparative fault. Rec. Doc. 174.

Accordingly,

IT IS ORDERED that defendants' motion is GRANTED in PART and DENIED in

PART. Rec. Doc. 178.

IT IS FURTHER ORDERED that by 4:30 p.m. on February 25, 2013, plaintiffs shall

inform the Court in a memorandum filed into the record whether they wish to proceed on the

wrongful death claim. La. C.C. 2315.2.

New Orleans, Louisiana this 21st day of February, 2013.


**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**